SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Marvin Gonzalez-Perez,

    Petitioner,

v.

Eric Rokosky, et al.,

    Respondents.

No.   CV-26-03787-PHX-MTL (MTM)

**ORDER**

Self-represented Petitioner Marvin Gonzalez-Perez filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

Petitioner is a native and citizen of Guatemala who entered the United States without inspection in 2004. On October 13, 2025, Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE), and on January 12, 2026, he was granted voluntary departure. On January 21, 2026, Petitioner timely appealed that order to the Board of Immigration Appeals, and his appeal is currently pending. Petitioner has continuously remained in ICE custody since his arrest on October 13, 2025.

Petitioner filed a previous Petition which raised the issue of whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when ICE apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. The Court denied that Petition, finding that § 1225(b)(2) applied and that Petitioner had not been denied due process. (*See* Doc. 6 in *Gonzalez-Perez v. Cantu*,

26-03787-PHX-MTL (PS).) Petitioner now alleges that his circumstances have materially changed, including that his detention "has now extended for many months while his administrative appeal remains pending." (Doc. 1 at 6.) He alleges that his continued detention without an individualized bond hearing has become excessive and unreasonable. (*Id.* at 6−7.) He seeks release from custody under reasonable conditions of supervision. (*Id.* at 7.)

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Petitioner is subject to mandatory detention and, therefore, is not entitled to a bond hearing under statutory or constitutional authority. The Court will deny the Petition.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of June, 2026.

Michael T. Liburdi
United States District Judge

- 2 -